# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3025 | **DATE** | 6/7/2013 |
| **CASE TITLE** | Georgio Gaines (#M-23976) v. James Braun, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#7] is granted. The Court authorizes Stateville Correctional Center officials to deduct $39.38 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the office of inmate trust fund accounts at Stateville Correctional Center. However, summonses shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as untimely. Failure to show cause within thirty days of the date of this order will result in summary dismissal of this case as time-barred.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant 42 U.S.C. § 1983. Plaintiff sues Chicago Police Officers James Braun and Mr. Resa for alleged violations of Plaintiff's constitutional rights in connection with a 2006 arrest and prosecution. More specifically, Plaintiff alleges that on September 4, 2006, Defendants illegally entered a residence where Plaintiff was located, determined that there was an outstanding warrant for Plaintiff for the murder of Carleton Hamilton. Plaintiff alleges that he was subsequently identified by a witness in a line-up and tried for the murder. Plaintiff alleges that he was in custody from September 4, 2006 to May 24, 2011, for the murder, when, apparently having been acquitted of the murder charge, Plaintiff was released.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $39.38. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint does not appear to state a viable claim. Plaintiff's claims would appear to be untimely.

The U.S. Supreme Court, in *Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In addition, the statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 549 U.S. 384 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody).

In this case, Plaintiff is suing over alleged events that took place on September 4, 2006, but he waited until April 22, 2013, to initiate suit. A cause of action for an unlawful arrest accrues on the date of the arrest. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006): "We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest." In addition, Plaintiff's Section 1983 claims accrued on September 4, 2006, because at that time, Plaintiff either knew or should have known of the Defendants' alleged wrongdoing. *See, e.g., Behavioral Inst. of Indiana v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Because more than two years have elapsed since Plaintiff's claims of wrongful arrest and malicious prosecution violations against Defendants arose, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

Additionally, Plaintiff's remaining claims relate to his criminal case, and are, in essence, claims for malicious prosecution. Plaintiff's claim for malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). The Court in *Newsome* held that malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002); *Griffin v. Chicago*, 406 F.Supp.2d 938, 947 (N.D.Ill.2005). To the extent that Plaintiff's claim for false arrest and false imprisonment are untimely, and the sole remaining claim is malicious prosecution, Plaintiff may not pursue his claim that claim in federal court, however, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court.

For the foregoing reasons, summonses shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed as untimely. Failure to show cause within thirty days of the date of this order will result in summary dismissal of this case as time-barred.